# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

FRANCIS JOHNSON,

    Plaintiff,

vs.

MINOR ADAMS, *et al.*,

    Defendants.

2:18-cv-00134-JCM-VCF

**ORDER**

Motion for Waiver of Service [ECF No. 28]; Motion to Strike [ECF No. 30]; Motion for Sanctions [ECF No. 36]; Motion for Sanctions [ECF No. 42]; Motion to Strike [ECF No. 43]; Motion to Extend Time [ECF No. 44]

    Before the court are plaintiff's motion for waiver of service (ECF No. 28), motions to strike (ECF Nos. 30 and 43), motions for sanctions (ECF Nos. 36 and 42), and motion to extend time (ECF No. 44). The Court denies the motion for waiver of service (ECF No. 28), the motions to strike (ECF Nos. 30 and 43), the motions for sanctions (ECF No. 36 and 42). The Court grants plaintiff's motion to extend time in part. (ECF No. 44).

    On May 29, 2019, the Attorney General accepted service on behalf of Defendant John Borrowman. (ECF No. 12). On August 8, 2019, the United States Marshals Service ("USMS") served defendants Jo Gentry and Minor Adams. (ECF Nos. 19 and 21). The USMS was unable to serve defendant Harold Mike Byrne because Byrne no longer lives at the address that the Attorney General's ("AG") office provided to the USMS. (ECF No. 23).

    Plaintiff first asks the Court to waive service of process against Gentry, Adams, and Byrne pursuant to Fed. R. Civ. P. 4(d)(4). (ECF No. 28 at 2). Defendant John Borrowman filed an opposition. (ECF No. 29). Gentry and Adams have already been served. Rule 4(d)(1) states that the plaintiff must

1

request waiver of service from the defendant. Plaintiff may, "notify such a defendant that an action has been commenced and request that the defendant waive service of a summons." Fed. R. Civ. P. 4(d)(1). The Court denies plaintiff's request for a waiver of service.

Plaintiff next asks the Court to strike defendant John Borrowman's opposition to his motion for a waiver of service as a "fugitive document." (ECF No. 30 at 2). Plaintiff also asks for Rule 11 sanctions against Borrowman for responding. (ECF No. 36). Borrowman argues in his opposition to the motion to strike that he opposed the motion for waiver on Borrowman's behalf only because Borrowman has an interest in the proper application of Federal Rule of Civil Procedure 4. (ECF No. 37 at 3). Borrowman's opposition states that it is made on behalf of Borrowman only, and as a co-defendant in this case, he opposed the motion. (ECF Nos. 37 at 3 and 39 at 3). Pursuant to Local Rule 7-2(d), "[T]he failure of an opposing party to file points and authorities in response to any motion…constitutes a consent to the granting of the motion." Since Borrowman did not consent to plaintiff's motion, he had to file an opposition. The Court thus denies plaintiff's request to strike Borrowman's opposition to the motion for waiver of service and denies plaintiff's request for Rule 11 sanctions.

Plaintiff also asks for sanctions against the AG for providing false addresses. The USMS served defendants Adams and Gentry, and the USMS states that Byrne, "no longer lives at address." (ECF No. 23 at 3). The AG argued in response that it provided the last known addresses and the AG cannot control if someone moves. (ECF No. 45). It is Plaintiff's responsibility to serve the summons and complaint. See Fed. R. Civ. P. 4(c)(1). Sanctions are not warranted.

Plaintiff also asks the Court to strike defendants Gentry and Adams's joinder to defendants' answer (ECF No. 38) because plaintiff argues that the AG may not represent Gentry and Adams because the AG did not accept service for them. (ECF Nos. 43). The defendants argue that the AG's office has the power to represent both present and former officers pursuant to Nevada Revised Statute 41.0339. (ECF No. 46 at 5). The AG could not accept service for Adams, Gentry, and Byrne because they are no

longer employees of the Nevada Department of Corrections. (*Id.* at 5-6). The AG has authority to represent Gentry and Adams pursuant to Nevada law. The plaintiff's motion to strike defendants' answer is denied.

Plaintiff asks the Court for a 90-day extension to complete service of process. (ECF No. 44). The only remaining defendant to serve is defendant Byrne. District courts retain broad discretion to permit service-of-process extensions under Rule 4(m). See *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). Regarding extensions, "a district court may consider factors 'like statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'" *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir.2007) (quoting *Troxell v. Fedders of N. Am. Inc.*, 160 F.3d 381, 383 (7th Cir.1998)).

The plaintiff has not argued that the statute of limitations will be an issue in this case. Defendants will not be prejudiced by granting plaintiff a short extension. It is unclear if defendant Byrne has actual notice of this lawsuit, but given that he is a former state employee, the Court is confidant that he will eventually be served. The Court orders that the plaintiff has 90-days to serve defendant Byrne. Plaintiff is responsible for service of process according to Fed. R. Civ. P. 4(c)(1). Plaintiff must determine how to serve defendant Byrne.

Accordingly,

IT IS ORDERED that plaintiff's motion for waiver of service (ECF No. 28) is DENIED.

IT IS FURTHER ORDERED that plaintiff's motions to strike (ECF No. 30 and 43) are DENIED.

IT IS FURTHER ORDERED that plaintiff's motions for sanctions (ECF Nos. 36 and 42) are DENIED.

IT IS FURTHER ORDERED that the Clerk of Court is directed to issue summons to defendant Byrne and mail to plaintiff both the summons for defendant Harold Mike Byrne and the USM-285 form. Before Monday, April 13, 2020, plaintiff must deliver to the Clerk of Court BOTH the completed

summons with an address for defendant Byrne and the required USM-285 form with relevant information. When the Clerk receives the completed summons and USM-285 form from the plaintiff, the Clerk is directed to send a copy of the first amended complaint, a copy of the summons from the defendant with Byrne's address, the completed USM-285 form, and a copy of this Order to the Marshal for service on defendant Byrne. Within 20 days after plaintiff receives a copy of the completed USM-285 form from the U.S. Marshal, plaintiff must file a notice with the court stating if defendant was served. If the plaintiff wishes to have the U.S. Marshal attempt service again on defendant Byrne, then he must file a motion with the Court.

IT IS FURTHER ORDERED that plaintiff's motion to extend time to serve defendant Harold Mike Byrne (ECF No. 44) is GRANTED IN PART: the time for plaintiff to serve defendant Byrne with a summons and a copy of the complaint is extended to Thursday, May 28, 2020.

DATED this 28th day of February 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE