# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

FRANCIS JOHNSON,

        Plaintiff,

vs.

MINOR ADAMS, *et al.*,

        Defendants.

2:18-cv-00134-JCM-VCF
**ORDER**

Before the court is the Motion for Service by Publication (ECF No. 56). Plaintiff seeks service by publication on Defendant Mike Byrne.

**Background:**

Plaintiff filed an Application to Proceed *In Forma Pauperis* and a Complaint stating claims under 42 U.S.C. § 1983. (ECF No. 1). The court screened the complaint, deferred the ruling on the Application to Proceed *In Forma Pauperis*, and referred the case to the Court's Early Inmate Mediation program. (ECF No. 3). The Complaint was filed on December 20, 2018. (ECF No. 4). Plaintiff filed an Amended Complaint on January 24, 2019. A screening order on the Amended Complaint was entered on February 6, 2019. (ECF No.6). The Inmate Early Mediation was held on April 5, 2019 and no settlement agreement was reached. (ECF NO. 9). The Attorney General's Office filed a notice of acceptance of service for Borrowman but did not accept service on behalf of Defendants Minor Adams, Jo Gentry, or Mike Byrne. (ECF No. 12). On June 6, 2019, Plaintiff filed a Motion for the Court to Issue Subpoena for the defendants in which the Attorney General's Office did not accept service. (ECF No. 15).

On August 8, 2019, the United States Marshals Service ("USMS") served defendants Jo Gentry and Minor Adams. (ECF Nos. 19 and 21). The USMS was unable to serve defendant Harold Mike Byrne because Byrne no longer lives at the address that the Attorney General's ("AG") office provided to the USMS. (ECF No. 23).

On February 7, 2020, Plaintiff filed a motion seeking the court to extend time to effectuate service Defendant Byrne. (ECF NO. 44). The Court granted the motion and the time to effectuate service on Defendant Bryne was extended to May 28, 2020. (ECF NO. 51).

Plaintiff has now filed a Motion for Publication of Summons by Newspaper on Defendant Byrne. (ECF No. 56).

**Service By Publication**

Pursuant to Federal Rule of Civil Procedure 4(e)(1), "an individual – other than a minor, an incompetent person, or a person whose waiver had been filed – may be served in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Under Rule 4.4(c) of the Nevada Rules of Civil Procedure, when the person on whom service is to be made resides out of the state, or has departed from the state, or cannot, after due diligence, be found within the state, or by concealment seeks to avoid the service of summons, and the fact shall appear, by affidavit, to the satisfaction of the court or judge thereof, and it shall appear, either by affidavit or by a verified complaint on file, that a cause of action exists against the defendant in respect to whom the service is to be made, and that the defendant is a necessary or proper party to the action, such court or judge may grant an order that the service be made by the publication of summons.

Nevada Rules of Civil Procedure 4.4(c)(1) establishes the conditions for publication. Service by publication may only be ordered when the defendant: (A) cannot, after due diligence, be found; (B) by concealment seeks to avoid service of the summons and complaint; or (C) is an absent or unknown person in an action involving real or personal property. Under NRCP 4.4(c)(2), which the court is required to

1 follow for service by publication in federal action, requires the party seeking service by publication, based on the fact that defendant cannot be found, to submit an affidavit of due diligence, declarations, or other evidence verifying:

(1) the last known address of the defendant;

(2) the dates during which the defendant resided at that location, and,

(3) confirmation that the plaintiff is unaware of any other address at which the defendant has resided since that time, or at which defendant can be found.

**Discussion**

Plaintiff's motion presents a few problems.

No affidavit of due diligence regarding service of Byrne was included in Plaintiff's instant motion. An affidavit of due diligence regarding service must be included with the motion for publication. *See* NRCP 4.4(c)(2).

Plaintiff was granted *in forma pauperis* status in this case (ECF No. 11) but Plaintiff will have to demonstrate a capability of making payment for the anticipated costs of publication. *See Louis Ledesma v. State of Nevada, et al.*, case number 3:13-cv-00102-MMD-WGC, ECF No. 50, p. 1. *In forma pauperis* does not extend to the coverage of costs associated with service by publication since this is done through the private sector's newspapers. Plaintiff's motion does not discuss how he will pay for service by publication. (ECF No. 56).

Here, Plaintiff has not met all the conditions pursuant to NRCP 4.4(c)(1) and 4.4(c)(2). Plaintiff will also have to demonstrate a capability of making payment for the anticipated costs of service by publication.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion for Service by Publication (ECF No. 56) is DENIED.

**NOTICE**

Under Local Rule IB 3-1, any objection to this Order must be in writing and filed with the Clerk of the Court within 14 days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *See Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

IT IS SO ORDERED.

DATED this 31st day of March, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE