UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Francis Johnson,<br><br>    Plaintiff<br><br>v.<br><br>Minor Adams et al.,<br><br>    Defendants | Case No. 2:18-cv-00134-JCM-VCF<br><br>**Order** |

Presently before the court is defendants John Borrowman, Jo Gentry, and Minor Adams's motion for summary judgment. (ECF Nos. 65, 66). Plaintiff Francis Johnson responded, (ECF No. 70), to which, defendants replied, (ECF No. 71).

Also before this court is plaintiff's motion for leave to file motion for summary judgment. (ECF No. 69).

**I.     Background**

Plaintiff alleges that prison staff retaliated against him for his grievances and lawsuit during his period of incarceration. (ECF Nos. 5, 6). Upon screening plaintiff's amended complaint, this court allowed a single count—retaliation in violation of the First Amendment—to proceed against defendants Minor Adams, Jo Gentry, John Borrowman, Mike Byrne, and Does 1-5. (ECF No. 6). Defendants were all employed by the Nevada Department of Corrections ("NDOC") to work at the Southern Desert Correctional Facility ("SDCC"). (ECF No. 66).

Plaintiff alleges that his personal property was confiscated in retaliation fpr his grievances and lawsuit, *Johnson v. Nevada*, No. 2:14-CV-1425-GMN-PAL, 2017 WL 111920 (D. Nev. Jan. 10, 2017). (ECF No. 65). The instant case relies on three grievances regarding plaintiff's missing property: Grievance 2006-30-11016 ("Grievance 11016"), Grievance 2006-30-13493 ("Grievance 13493"), and Grievance 2006-30-20717 ("Grievance 20717"). (ECF No. 66).

Plaintiff filed his first grievance—Grievance 11016—on November 2, 2015. (*Id.*). He stated that he did not receive his "TV, CD player, headphones, fan, lamp, and surge protector" when he was transferred to High Desert State Prison from SDCC. (*Id.*). Defendant Adams denied plaintiff's grievance upon reviewing Johnson's property inventory from September 2015 and speaking with non-party SDCC property senior officer Roberson. (*Id.*). There was no indication that plaintiff was in possession of such items. (*Id.*). Plaintiff appealed this decision. It was denied on first-level review by non-party B. Williams on March 23, 2016, with reference to a settlement, and second-level review by defendant Borrowman on February 21, 2017. (*Id.*).

Plaintiff's second grievance—Grievance 13493—was filed on December 3, 2015. (ECF No. 66). This grievance was duplicative of Grievance 11016 in violation of administrative regulation 740. (*Id.*). However, defendant Adams denied this grievance upon reviewing the issue again.

Plaintiff's third and final grievance—Grievance 20717—was filed on March 5, 2016. (*Id.*). This grievance related to a "missing Zenith TV, Sony CD player, (1) legal binder with (6) folders of legal work in it, (2) bars of soap, (2) aim toothpastes, (2) bags of Maxwell coffee, (26) soups, (4) pairs of new socks, (1) bag of cheese crunchys, [and] (3) popcorns." (*Id.*). Defendant Adams denied the grievance, because Johnson failed to prove he had ownership of the items allegedly missing. (*Id.*).

Plaintiff initiated his appeal several times due to procedural deficiencies. Plaintiff was informed how to cure such deficiencies in response. Ultimately, defendant Gentry denied the first-level appeal, citing plaintiff's prior admission of guilt to possessing another inmate's television. (*Id.*). On plaintiff's second-level appeal, defendant Borrowman upheld the prior decisions upon "conduct[ing] extensive research into [plaintiff's] claims." (*Id.*).

Records reflect that plaintiff received his "TV and CD player . . . on December 9, 2015", "surge protector on September 28, 2015", and "headphones as a settlement on April 22, 2014". (*Id.*).

. . .

## II. Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the nonmoving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to withstand summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party need not establish a dispute of

material fact conclusively in its favor. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Id.*

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether a genuine dispute exists for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

The Ninth Circuit has held that information contained in an inadmissible form may still be considered for summary judgment if the information itself would be admissible at trial. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) (citing *Block v. City of Los Angeles*, 253 F.3d 410, 418–19 (9th Cir. 2001) ("To survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56.")).

**III.  Discussion**

Defendants argue that they should prevail on summary judgment, because plaintiff has not satisfied exhaustion. (ECF No. 65). This court agrees.

The Prison Litigation Reform Act of 1996 ("PLRA"), 42 U.S.C. § 1997e, provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The

"exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." *Porter v. Nussle*, 534 U.S. 516, 520 (2002).

Thus, inmates are required to properly exhaust their claims. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006). This means that an inmate must "use all steps the prison holds out, enabling the prison to reach the merits of the issues." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009) (citing *id.*). Proper exhaustion also "demands compliance with an agency's deadlines and other critical procedural rules." *Woodford*, 548 U.S. at 90–91. Applicable procedural rules for proper exhaustion "are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Failure to exhaust is an affirmative defense, and a defendant must plead and prove that a prisoner has failed to exhaust his administrative remedies. *Albino v. Baca*, 747 F.3d 1162, 1169–70 (9th Cir. 2014).

Here, defendants have satisfied their burden. (ECF Nos. 65, 66). Plaintiff has failed to present any genuine issues of material fact as to exhaustion. (ECF No. 70).

Upon review of the record, this court finds that plaintiff failed to exhaust his allegations related to Grievances 13493 and 20717. Plaintiff failed to follow NDOC grievance procedures as laid out in administrative regulation 740 ("AR 740"). (ECF No. 66). Even after he was advised and permitted to correct his mistake, plaintiff failed to attach all supporting documents to Grievance 20717 or proceed appropriately within NDOC's regulations. (*Id.*). As for Grievance 13493, plaintiff did not appeal the denial of his claims. (*Id.*).

Defendants concede that Grievance 11016 was exhausted; however, they argue that it is not operative grievance in this matter. (ECF No. 65). This court agrees. Grievance 11016 alleges property taken as the result of a September 2015 inventory. (ECF No. 66). The operative complaint in the instant case relates more to property taken in March 2016. (ECF No. 5, 6). In response, plaintiff has failed to provide any factual predicate for this court to believe that the instant case relates to Grievance 11016 as opposed to plaintiff's non-exhausted grievances. (ECF No. 70). Prison inmates must give a reviewing agency "a full opportunity to investigate the complaint and to develop an understanding of the facts underlying it." *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005).

The record reveals that plaintiff was given sufficient reason for each of his grievance denials, and the facility informed him of methods to correct mistakes whenever issues arose. (ECF No. 66). There is no indication that defendants attempted to thwart plaintiff's ability to exhaust his administrative remedies. The facility engaged in good faith settlement with plaintiff where he received several items in return. (*Id.*). This court finds no indication that defendants attempted to stymy plaintiff's ability to exhaust his remedies.

Accordingly, defendants' motion for summary judgment is granted. (ECF No. 65). As to the remaining defendant in this case, Mike Byrne, plaintiff has failed to serve him. (ECF No. 73). Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

Fed. R. Civ. P. 4(m). More than 90 days have elapsed since the instant action was filed. To date, plaintiff has not served defendant Byrne. On September 28, 2020, the court gave plaintiff notice of its intent to dismiss her claims pursuant to Fed. R. Civ. P. 4(m). (ECF No. 73). Thus, defendant Byrne is hereby dismissed from this action. *See* Fed. R. Civ. P. 4(m).

Having now found that summary judgment is appropriate due to failure to appropriately exhaust, this court denies plaintiff's motion for leave to file motion for summary judgment as moot. (ECF No. 69).

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants John Borrowman, Jo Gentry, and Minor Adams's motion for summary judgment (ECF No. 65) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendants' motion for leave to file motion for summary judgment (ECF No. 69) be, and the same hereby is, DENIED as moot.

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's claim against defendant Mike Byrne be, and the same hereby are, DISMISSED.

The clerk is ordered to enter judgment and close the case accordingly.

DATED January 27, 2021.

_____
UNITED STATES DISTRICT JUDGE